IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEVIN HAMDEN,<br><br>    *Plaintiff*,<br><br>v.<br><br>TOTAL CAR FRANCHISING<br>CORPORATION<br>d/b/a Colors on Parade<br>SERVE: National Registered Agents Inc.<br>4001 North Ninth Street, Suite 227<br>Arlington, VA 22203<br><br>    *Defendant*. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, Devin Hamden ("Hamden"), by counsel, files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* In support, he states as follows:

### PARTIES, VENUE & JURISDICTION

1.   At all times relevant hereto, plaintiff is, and continues to be, a resident of and a citizen of Virginia.

2   Plaintiff Hamden began serving as a Franchisee for defendant Total Car Franchising Corporation ("Total") in May 1996.

3   The territory served by Hamden has included car dealerships located in the following Cities and Counties across Virginia and West Virginia: City of Salem, City of Roanoke, Roanoke County, City of Martinsville, Pulaski County, Montgomery County, Tazewell County, Carroll County, and Bluefield and Beckley, West Virginia.

4	At the time of the Franchise Agreement (dated May 1996) Defendant Total was a Georgia Corporation with principal place of business in Duluth, Georgia.

5	At present, defendant Total is a South Carolina Corporation with its executive offices and principal place of business located in Myrtle Beach, South Carolina.

6.	This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7.	The contract at issue, reflects Hamden was to serve in many of the Cities and Counties named in paragraph 3 above. Pursuant to 28 USC § 1391, a proper venue for this cause of action is the United States District Court for the Western District of Virginia, Roanoke Division.

## FACTS

8.	Hamden began working with defendant Total in 1995/1996.

9.	Upon agreeing to serve as a franchisee, Hamden signed a *Limited Rights Franchise Agreement* and a *Non-Competition and Confidentiality Agreement* in May 1996. The term of the franchise Agreement states it was for fifteen (15) years.

10.	The Agreements with their respective attachments are attached hereto as Exhibit A (*Limited Rights Franchise Agreement*) and Exhibit B (*Non-competition and Confidentiality Agreement*).

11.	Hamden continued to work for Total despite his contract's expiration in May 2011.

12.	On November 30, 2011 he notified his Area Developer (Phil Barker) that he would not be continuing with the franchise.

Case 7:12-cv-00003-JCT Document 1 Filed 01/03/12 Page 2 of 5 Pageid#: 2

13. On December 1, 2011, Hamden received a call from Total's corporate offices stating he needed to cease operations immediately. Hamden complied.

14. On or about December 14, 2011, he met with his Area Developer and Total CEO, Jeff Cox to discuss his reasons for not renewing with defendant Total Car Franchising.

15. As the Agreements at issue were not terminated before the fifteen year term, Hamden is not bound by the non-competition and non-solicitation provisions contained in Exhibit B.

16. Nor, he is bound by the non-competition provisions contained in Exhibit A as his work for the last fifteen years has not involved paint restoration technologies.

17. Even if Hamden is bound by the provisions, the provisions are over broad, unreasonable, not limited to protect Total's legitimate business interest, and are therefore invalid and unenforceable under Virginia law.

18. Although the contracts at issue reflect that Hamden is not restricted in his future employment, Hamden made an attempt to negotiate a possible solution with Total wherein the parties would agree not to seek judicial intervention.

19. The offer was made in an email sent to Area Developer Phil Barker. Attached to the email was a letter from Hamden's counsel, both dated December 20, 2011. A copy of that correspondence is attached hereto as Exhibit C.

20. In response, Hamden received an email from Total and their legal counsel on December 26, 2011 (attached hereto as Exhibit D), stating they would take immediate judicial action and enjoin Hamden from operating a competing business in the area.

21. Therefore, an actual and justiciable controversy ripe for adjudication exits between the parties and there has been an actual antagonistic assertion and denial of right.

22. Namely, Hamden asserts he is not bound by any restrictive covenant under the very specific language of the Agreements at issue, and defendant Total believes he is limited in his future employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a DECREE:

A. DECLARING that the Agreement's provisions and restrictions are overbroad and unenforceable and invalid under Virginia law

B. ;

B. That Virginia law, not Georgia law, should govern the terms and conditions of the Agreements;

C. That under the terms of the Agreement, Hamden is not bound by any restrictive covenants;

D. In the alternative, that if he is limited to a territory, that it only be those dealerships listed on the attachments to Exhibit B, and not the entire New River Valley;

GRANTING such other relief as the Court deems just and proper;

E. The Plaintiff be awarded their costs incurred in obtaining this declaratory relief.

Dated this 3rd day of January, 2012.

    \_\_\_\_s/ Lauren Ellerman _____
T. Daniel Frith, III, Esq. (VSB # 22065)
Lauren M. Ellerman, Esq. (VSB #68464)
FRITH & ELLERMAN, PC
P.O. Box 8248
Roanoke, VA  24014
Telephone: 540/985-0098
Facsimile: 540/985-9108
lellerman@frithlawfirm.com