UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEVIN HAMDEN** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 7:12-cv-00003-JCT |
| | ) |
| **TOTAL CAR FRANCHISING** | ) |
| **CORP. d/b/a Colors on** | ) |
| **Parade** | ) |
| | ) |
|     **Defendant.** | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT OR STAY LITIGATION AND COMPEL ARBITRATION**

Defendant, Total Car Franchising d/b/a Colors on Parade ("Defendant"), by counsel, hereby files this memorandum in support of its motion to dismiss the complaint or stay litigation and compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. As discussed more fully below, plaintiff Devin Hamden ("Plaintiff") signed a franchise agreement to adhere to the Defendant's Dispute Resolution Procedure. As such, Plaintiff agreed to submit any disputes between him and Defendant to the Dispute Resolution Procedure and binding arbitration. Consequently, Defendant requests that this Court enforce Defendant's Franchise Agreement, compel arbitration, and dismiss the Complaint in its entirety, or in the alternative, stay the litigation.

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

On May 9, 1996, a Limited Rights Franchise Agreement ("Franchise Agreement") was entered into between Plaintiff as franchisee, and Defendant as franchisor, a copy of which is attached hereto as Exhibit A. (Exhibit A). At the time the Franchise Agreement was executed, Defendant was a South Carolina corporation with its principal place of business in Duluth,

Georgia. The Franchise Agreement incorporated a Non-Competition and Confidentiality Agreement ("Non-Compete Agreement"), a copy of which is attached hereto as Exhibit B, which was also executed on or about May 9, 1996. (Exhibit B).

The Franchise Agreement called for a fifteen (15) year term for the rendering of paint restoration services on the part of the Plaintiff in areas within both West Virginia and Virginia. (Exhibit A ¶ 2; Ex. B p. 4-5). The Franchise Agreement has in place a Dispute Resolution Procedure which is the exclusive means of resolving disputes "within the Colors on Parade community." (Exhibit A ¶ 12). When Plaintiff signed the Franchise Agreement, he agreed to resolve all disputes and legal claims against Defendant through the Dispute Resolution Procedure. (Exhibit A ¶ 12). The Franchise Agreement provides that the Dispute Resolution Procedure culminate in binding arbitration between parties aggrieved under the Franchise Agreement. (Exhibit A ¶ 12). As a franchisee under the Franchise Agreement, the Dispute Resolution Procedure governs any dispute alleged by Plaintiff.

The Complaint alleges that Plaintiff is not subject to the non-competition or non-solicitation provisions contained in the Franchise Agreement and Non-Compete Agreement. (Complaint ¶¶ 15-16). In the alternative, Plaintiff alleges that even if he is bound by the provisions, the provisions are unenforceable under Virginia law. (Complaint ¶ 17). Paragraph 9 of the Franchise Agreement contains a covenant not to compete. It reads as follows:

> **Post Term Competition-** For 2 years following the termination of this Agreement neither you nor any of your partner(s) or shareholder(s) shall engage in, or have any financial or management interest, directly or indirectly, either as an officer, proprietor, agent, employee, director shareholder, franchisee or partner, in any other mobile or fixed location paint restoration business in the standard metropolitan statistical area in which the territory is located.

Additionally, the Franchise Agreement provides that "The parties intend this Agreement to be legally binding and to be interpreted and construed in accordance with the laws of Georgia." (Exhibit A ¶ 13). In or around November 2011, Plaintiff communicated his intention to terminate the Franchise Agreement to Defendant.

Although all claims found in the Complaint arise out of or relate to Plaintiff's involvement as a franchisee of Defendant, Plaintiff has made no attempt to resolve his claims through Defendant's internal policies and procedures and/or arbitrate his claims, as required by the Franchise Agreement. (Exhibit A ¶ 12). Rather, on January 3, 2012, Plaintiff filed the instant action on behalf of himself, in direct violation of the Franchise Agreement.

## II. THE CLAIMS AGAINST DEFENDANT SHOULD BE DISMISSED OR STAYED AND ARBITRATION COMPELLED

### A. Plaintiff's Agreement to Arbitrate is Governed By, and Enforceable Under, the Federal Arbitration Act

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., enunciates a strong "federal policy favoring arbitration," Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983), requiring courts to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985). The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA also provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, 9 U.S.C. § 3; and the FAA authorizes a federal district court to issue an order compelling arbitration if there has been a failure to comply with the arbitration agreement. 9 U.S.C. § 4. By its terms, the FAA leaves no place for exercise of discretion by a district court, but instead

3

{#1489468-1, 113325-00001-01}

mandates that the district court shall direct the parties to proceed to arbitrate on issues as to which an arbitration agreement has been signed. Byrd, 470 U.S. at 218.

Consequently, "the Act establishes that, as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Hosp., 460 U.S. at 24–25. Consistent with this purpose, courts have found that the FAA expresses a strong public policy favoring arbitration as a means of dispute resolution. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121-23 (2001) (holding that arbitration agreements are presumptively enforceable for all employment relationships not involving transportation workers). Thus, the FAA mandates the enforcement of an arbitration agreement where the agreement is: (1) part of a contract or transaction involving commerce, and (2) valid under general principles of contract law. 9 U.S.C. § 2; Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686 (1996). As a business engaged in commercial activities affecting interstate commerce, any arbitration agreement Defendant had with its franchisees would implicate the FAA.

**B.  Plaintiff's Motion to Dismiss the Complaint or Stay Litigation and Compel Arbitration Should Be Granted Because There Exists a Valid Written Agreement to Arbitrate; The Non-Competition and Non-Solicitation Provisions are Arbitrable Under the Franchise Agreement; and Plaintiff has Refused to Arbitrate the Dispute**

To compel arbitration under the FAA, a party must establish: (1) the existence of a valid written agreement to arbitrate; (2) whether the issue is arbitrable under the agreement; and (3) whether the party asserting the claims has failed or refused to arbitrate the claims. Collins v. Int'l Dairy Queen, 990 F. Supp. 1469, 1471 (M.D. Ga. 1998). As discussed more fully below, Defendant's motion should be granted because: (1) Plaintiff signed an agreement that the Dispute Resolution Procedure would govern "any cause or potential cause for disagreement . . . within the Colors on Parade community;" (2) Plaintiff's allegation that the non-competition and

4

non-solicitation provision contained in the Franchise Agreement do not apply to him plainly fall within the broad language of the arbitration provision; and (3) Plaintiff has refused to arbitrate the dispute.

        1.    *A Valid, Written Dispute Resolution Procedure Containing an Arbitration Provision Governs the Dispute*

Defendant's Motion should be granted because Plaintiff signed the Franchise Agreement with Defendant agreeing that he would be bound by the terms of the Franchise Agreement (Exhibit A). As such, Plaintiff executed a valid, written agreement containing an arbitration provision which governs this dispute. The validity of an arbitration agreement is determined through use of general state contract law principles. See Casarotto, 517 U.S. at 686-87 (1996); see also Perry v. Thomas, 482 U.S. 483, 492 n. 9 (1987) ("state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally").

The agreement to adhere to the Franchise Agreement is valid and enforceable under general principles of Georgia contract law as applied by both state and federal courts. Under Georgia law, "It is the function of the court to construe the contract as written and not to make a new contract for the parties." See Michna v. Blue Cross & Blue Shield of Georgia, Inc., 288 Ga. App. 112, 113, 653 S.E.2d 377, 379 (2007). Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning. Id.

The Franchise Agreement clearly states that all disputes between members of the Colors on Parade community are to be handled in a manner consistent with the Dispute Resolution Procedure. Plaintiff accepted the terms and conditions of the Franchise Agreement and the Dispute Resolution Procedure by signing the Franchise Agreement and beginning a relationship with Defendant as a franchisee. The Franchise Agreement and Dispute Resolution Procedure are

clear and unambiguous. Accordingly, pursuant to Georgia law, Plaintiff is required to resolve this dispute through the Dispute Resolution Procedure and ultimately, if necessary, binding arbitration.

    2.    *Disputes Concerning the Non-Solicitation and Non-Competition Provisions Fall Within the Arbitration Provision of the Agreement*

Defendant's motion should be granted because the claims asserted herein are clearly within the scope of the Franchise Agreement. Defendant's Dispute Resolution Procedure very broadly identifies the categories of claims or issues to which it applies. Specifically, the Dispute Resolution Procedure applies to "any cause or potential cause for disagreement [which] may occur within the Colors on Parade community." (Exhibit A ¶ 12). As such, Plaintiff's claims regarding the non-solicitation and non-competition provision are encompassed within the terms of the Franchise Agreement.

Moreover, in cases involving broad arbitration clauses, the presumption of arbitrability is "particularly applicable," and only an express provision excluding a particular grievance from arbitration or "the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. United Steelworkers v. Mead Corp., 21 F.3d 128, 131 (6th Cir. 1994) (quoting United Steelworkers of America v. Warrior & Gulf Navigation, Co., 363 U.S. 574, 584-85 (1960)). Thus, where, as here, the scope of the arbitration provision is broad, encompassing all aspects of potential disagreements between Colors on Parade parties, any argument that the claims alleged are not covered must identify a particular provision excluding the claim or other "forceful evidence of a purpose to exclude," which Plaintiff cannot do.

Plaintiff agreed to abide by the Dispute Resolution Procedure as a condition of the Franchise Agreement. (Exhibit A ¶ 12). As such, Plaintiff made a mutual promise to arbitrate which constituted sufficient consideration. As a result, Plaintiff should be required to submit his

claims to binding arbitration in accordance with the Dispute Resolution Procedure. This Court, therefore, lacks subject matter jurisdiction over this Complaint and all matters must be submitted to arbitration per the terms of the parties' Franchise Agreement.

3. *Plaintiff Has Refused to Submit His Dispute to Arbitration*

Defendant's motion should be granted because a dispute exists in this case which Plaintiff has refused to submit to arbitration. On January 3, 2012, Plaintiff filed a Complaint in this case on behalf of himself. Plaintiff alleged that the non-competition and non-solicitation provisions contained in the Non-Compete Agreement and Franchise Agreement do not apply to him. (Complaint ¶¶ 15-16). Plaintiff made no attempt to resolve any of his alleged claims through Defendant's internal policies and procedures and/or arbitrate his claims, as required by the Dispute Resolution Procedure. (Exhibit A ¶ 12). As such, his claim should be submitted to the Dispute Resolution Procedure contained in the Franchise Agreement, which requires submission to arbitration.

**C.   The Court Should Exercise its Discretion and Dismiss the Complaint in its Entirety**

Section 3 of the FAA directs a district court to enter a "stay of proceedings" in a case where the asserted claims are "referable to arbitration." See 9 U.S.C. § 3 (2009). Notwithstanding the terms of Section 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable. See Coffey v. Kellogg Brown & Root, 2009 WL 2515649 (N.D. Ga. Aug. 13, 2009) (citing Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir.2001)).

Here, all of Plaintiff's claims must be referred to arbitration. Therefore, it would serve no purpose for the Court to retain jurisdiction over this action. Accordingly, the Court should exercise its discretion and dismiss the action in its entirety and the parties should be directed to

7

proceed to arbitration in accordance with the terms of the Franchise Agreement and the Dispute Resolution Procedure.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enforce the terms of the Franchise Agreement and Dispute Resolution Procedure contained therein, compel arbitration, and dismiss the Complaint in its entirety.

Respectfully submitted,

WOODS ROGERS PLC

/s/ Thomas M. Winn, III
Thomas M. Winn, III (VSB # 35758)
Wachovia Tower, Suite 1400
10 South Jefferson Street
Post Office Box 14125
Roanoke, Virginia 24038-4125
Telephone No. (540) 983-7600
Facsimile No. (540) 983-7711

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2012, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participants:

> T. Daniel Frith, III, Esq.
> Lauren M. Ellerman, Esq.
> FRITH & ELLERMAN, PC
> P.O. Box 8248
> Roanoke, VA 24014
> Telephone: (540) 985-0098
> Facsimile: (540) 985-9108
> lellerman@frithlawfirm.com

/s/ Thomas M. Winn, III