UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEVIN HAMDEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:12-cv-00003-JCT |
| | ) |
| TOTAL CAR FRANCHISING | ) |
| CORP. d/b/a Colors on | ) |
| Parade | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant Total Car Franchising Corp. d/b/a Colors on Parade ("Defendant"), by counsel, hereby files its Answer to plaintiff's Complaint and states as follows:

1.  Defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 1 of plaintiff's Complaint and therefore denies the same.

2.  Defendant admits the allegations contained in paragraph 2 of plaintiff's Complaint.

3.  Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint as stated. Responding further, Defendant admits that plaintiff acted as a franchisee for Defendant in certain areas of West Virginia and Virginia.

4.  Defendant denies the allegations contained in paragraph 4.

5.  Defendant admits the allegations contained in paragraph 5 of plaintiff's Complaint.

6.  Paragraph 6 of plaintiff's Complaint contains jurisdictional allegations and conclusions of law to which no factual response is required. To the extent paragraph 6 contains factual allegations requiring a response, those allegations are denied.

7. Paragraph 7 of plaintiff's Complaint contains jurisdictional allegations and conclusions of law to which no factual response is required. Responding further, Defendant states that the contract at issue speaks for itself.

8. Defendant admits the allegations contained in paragraph 8 of plaintiff's Complaint.

9. Defendant admits the allegations contained in paragraph 9 of plaintiff's Complaint.

10. Paragraph 10 of plaintiff's complaint is self-explanatory and does not require a response. Responding further, Defendant states that Exhibits A and B of plaintiff's Complaint speak for themselves.

11. Paragraph 11 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 11 contains factual allegations requiring a response, those allegations are denied.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's Complaint as stated.

13. Defendant admits the allegations contained in the first sentence of paragraph 13 of plaintiff's Complaint. Defendant is without sufficient knowledge or information to form a belief as to the allegation in the second sentence of paragraph 13 of plaintiff's Complaint and therefore denies the same.

14. Defendant admits the allegations contained in paragraph 14 of plaintiff's Complaint.

15. Paragraph 15 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 15 contains factual allegations requiring a response, those allegations are denied.

16. Paragraph 16 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 16 contains factual allegations requiring a response, those allegations are denied.

17. Paragraph 17 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 17 contains factual allegations requiring a response, those allegations are denied.

18 Paragraph 18 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 18 contains factual allegations requiring a response, those allegations are denied.

19. Paragraph 19 of plaintiff's Complaint is self-explanatory and does not require a response. Responding further, Defendant states that Exhibit C of plaintiff's Complaint speaks for itself.

20. Paragraph 20 of plaintiff's Complaint is self-explanatory and does not require a response. Responding further, Defendant states that Exhibit D of plaintiff's Complaint speaks for itself.

21. Paragraph 21 of plaintiff's Complaint contains conclusions of law to which no factual response is required. To the extent paragraph 21 contains factual allegations requiring a response, those allegations are denied.

{#1489442-1, 113325-00001-01}

22.     Paragraph 22 of plaintiff's Complaint is self-explanatory and contains conclusions of law to which no factual response is required. To the extent paragraph 22 contains factual allegations requiring a response, those allegations are denied.

23.     Defendant denies that plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of plaintiff's Complaint, in plaintiff's Complaint generally, or to any other relief.

24.     Defendant denies all allegations contained in plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to plaintiff's Complaint, Defendant sets forth the following affirmative and other defenses:

### FIRST DEFENSE

The claims advanced by plaintiff are wholly subject to an arbitration clause set forth in the Franchise Agreement and, therefore, the instant lawsuit should be abated and plaintiff should be compelled to submit his claims to arbitration as required by the parties' bargains.

### SECOND DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff has suffered no damages or other legally cognizable injury (and indeed fails to make any demand for a dollar amount) and therefore lacks standing to bring his claims.

## FOURTH DEFENSE

Plaintiff's demands for relief are barred in whole or in part by the terms of the Franchise Agreement and the Non-Competition and Confidentiality Agreement with Defendant.

## FIFTH DEFENSE

Plaintiff's demands for relief should be barred as the restrictions contained in the Franchise Agreement and the Non-Competition and Confidentiality Agreement are reasonable and no broader than necessary to protect Defendant's legitimate business interests.

## SIXTH DEFENSE

Plaintiff's demands for relief should be barred as the restrictions contained in the Franchise Agreement and the Non-Competition and Confidentiality Agreement do not unreasonably curtail plaintiff from pursuing alternative employment.

## SEVENTH DEFENSE

Plaintiff's demands for relief should be barred as the restrictions contained in the Franchise Agreement and the Non-Competition and Confidentiality Agreement do not unreasonably interfere with the public interest.

## EIGHTH DEFENSE

Defendant reserves the right to raise other affirmative or other defenses that may subsequently become applicable to some or all of plaintiff's claims.

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing the Complaint herein in its entirety or in the alternative enter an order declaring the restrictive covenants in this case enforceable and issue an injunction against Plaintiff, and award Defendant

its attorney's fees and costs for defending this suit and such other relief as the Court may deem appropriate.

                          Respectfully submitted,

                          WOODS ROGERS PLC


                          /s/    Thomas M. Winn, III
                          Thomas M. Winn, III (VSB # 35758)
                          Wachovia Tower, Suite 1400
                          10 South Jefferson Street
                          Post Office Box 14125
                          Roanoke, Virginia 24038-4125
                          Telephone No. (540) 983-7600
                          Facsimile No. (540) 983-7711

                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2012, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participants:

>T. Daniel Frith, III, Esq.
>Lauren M. Ellerman, Esq.
>FRITH & ELLERMAN, PC
>P.O. Box 8248
>Roanoke, VA 24014
>Telephone: (540) 985-0098
>Facsimile: (540) 985-9108
>lellerman@frithlawfirm.com

/s/ Thomas M. Winn, III